UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARD REEDER,

    Petitioner,

v.

GREGORY SKIPPER,

    Respondent,

_____/

Civil No. 2:22-CV-10084
HONORABLE SEAN F. COX
CHIEF UNITED STATES DISTRICT JUDGE

**<u>OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*</u>**

Leonard Reeder, ("Petitioner"), confined at the Michigan Reformatory in Ionia, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for second-degree murder, Mich. Comp. Laws § 750.317, and felony-firearm, Mich. Comp. Laws § 750.227b. For the reasons that follow, the petition for writ of habeas corpus is DENIED.

**I. Background**

Petitioner pleaded guilty to the above charges in the Wayne County Circuit Court. In exchange for his plea, the prosecutor dismissed the original first-degree murder charge and several other charges against petitioner. The prosecutor also withdrew the supplemental information charging petitioner with being an habitual offender. Finally, the parties agreed that petitioner would be sentenced to nineteen to forty years on the second-degree murder charge and the statutorily required consecutive two year sentence on the felony-firearm charge. Petitioner acknowledged on the record that he had discussed his case fully with his attorney before coming to court. Petitioner further acknowledged that the plea and sentence agreement as recited by the

prosecutor was accurate. The judge advised petitioner of the maximum penalties for the crimes that he was pleading guilty to. (ECF No. 10-10, PageID. 234-35). The judge advised petitioner of all of the trial rights that he waived by pleading guilty. Petitioner indicated that he understood his rights. Petitioner also acknowledged reviewing and signing a Settlement Offer, Advice of Rights, and Notice of Acceptance form, which laid out the terms of the plea and sentencing agreement. (*Id.*, PageID. 236-38). Petitioner stated that no one had threatened or coerced him into pleading guilty and that it was his own choice to plead guilty. Petitioner told the judge he was pleading guilty because he was guilty. (*Id.*, PageID. 239-40). Petitioner made out a factual basis for the plea by informing the judge that he and his co-defendant attempted to rob two individuals, that the co-defendant was armed with a firearm, that petitioner knew he was armed with a firearm, and that during the robbery one of the victims was shot and killed by the co-defendant. (*Id.*, PageID. 240-41).

At sentencing, petitioner informed the judge twice that he had time to review the pre-sentence investigation report with his counsel prior to sentencing, both with respect to the murder case as well as a second case in which he had separately pleaded guilty to attempted home invasion in the first-degree and domestic violence. (ECF No. 10-12, PageID. 261-62). Petitioner's attorney requested that several corrections be made to the pre-sentence investigation report, namely a notation that petitioner had previously lived in Kentucky, which petitioner indicated to counsel was not true. (*Id.*, PageID. 266-67). Petitioner did not ask at any time during the sentencing hearing to withdraw his guilty plea. Petitioner did apologize to the victims and indicated it was never his intention for the one victim to be killed during the robbery. (*Id.*, PageID. 274). Petitioner was sentenced to nineteen to forty years on the second-degree murder conviction and two years on the felony-firearm conviction, in accordance with the plea agreement. (*Id.*, PageID. 277).

2

Petitioner subsequently filed a motion to withdraw his plea, which the judge denied. *People v. Reeder,* No. 18-008442-01-FC (Wayne Cty.Cir.Ct., Feb. 4, 2020)(ECF No. 10-15, PageID. 315-21).

Petitioner's conviction was affirmed on appeal. *People v. Reeder,* No. 352857 (Mich.Ct.App. Sept. 1, 2020); *lv. den.* 507 Mich. 901, 956 N.W. 2d 209 (2021).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Involuntary plea: Reeder's plea was not made knowingly and voluntarily given his deteriorating mental and physical health and lack of understanding of the law at the time.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ

3

simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

In his sole claim for relief, petitioner argues that he should have been permitted to withdraw his guilty plea because it was involuntary.

Petitioner has no federal constitutional right to withdraw his guilty plea. *See Hynes v. Birkett,* 526 F. App'x. 515, 521 (6th Cir. 2013). Unless a petitioner's guilty plea otherwise violated a clearly-established constitutional right, whether to allow the withdrawal of a habeas petitioner's plea is discretionary with the state trial court. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 748 (E.D. Mich. 2005). Moreover, "[i]t is well-settled that post-sentencing 'buyer's remorse' is not a valid basis" to set aside an otherwise valid guilty plea. *Meek v. Bergh*, 526 F. App'x. 530, 536 (6th Cir. 2013)(internal quotations omitted).

A guilty plea that is entered in state court must be voluntarily and intelligently made. *See Shanks,* 387 F. Supp. 2d at 749; *Doyle v. Scutt,* 347 F. Supp. 2d 474, 482 (E.D. Mich. 2004)(both citing *Boykin v. Alabama,* 395 U.S. 238, 242 (1969)). In order for a plea of guilty to be voluntarily and intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of his or her plea. *Hart v. Marion Correctional Institution*, 927 F. 2d 256, 257 (6th Cir. 1991). The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he or she is pleading guilty. *King v. Dutton*, 17 F. 3d 151, 154 (6th Cir. 1994). When a petitioner brings a federal habeas petition challenging his or her plea of guilty, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993). The factual findings of a state court that the guilty plea was properly made are generally accorded a

4

presumption of correctness. The petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.* Federal and state courts will uphold a state court guilty plea if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and voluntarily chose to plead guilty. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 652 (E.D. Mich. 2002).

Petitioner initially claims that his attorney coerced him into pleading guilty.

The evidence establishes that petitioner freely and voluntarily pleaded guilty to the charges. Petitioner was advised of the maximum penalties for the charges and the rights that he would be waiving by pleading guilty. Petitioner was advised of the terms of the plea agreement and acknowledged that this was the complete terms of the agreement. In response to the trial court's questions, petitioner denied that any threats or coercion had been used to get him to plead guilty.

Petitioner's claim that he was coerced into pleading guilty is defeated by the fact that petitioner stated on the record at the plea hearing that no threats or coercion had been made to get him to plead guilty and that he was pleading freely and voluntarily. Petitioner's bare claim that he was coerced into pleading guilty is insufficient to overcome the presumption of verity which attaches to petitioner's statements during the plea colloquy, in which he denied that any threats had been used to get him to enter his plea. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d at 750-51. Moreover, the Sixth Circuit has noted that "[w]here a defendant is aware of the condition or reason for a plea withdrawal, at the time the guilty plea is entered, a case for withdrawal is weaker." *United States v. Spencer,* 836 F. 2d 236, 239 (6th Cir. 1987). Because petitioner knew about this alleged coercion at the time that he entered his plea, his unexplained delay in bringing this alleged coercion to the attention of the trial court until after sentencing undermines the credibility of his claim that he was coerced into pleading guilty. *See United States v. Ford,* 15 F. App'x. 303, 309

5

(6th Cir. 2001). Finally, petitioner has presented no extrinsic evidence, either to the state courts, or to this Court, to substantiate his claim that his plea was made as the result of threats or duress from his defense counsel, so as to justify vacating his plea. *See Spencer,* 836 F. 2d at 240-41.

Petitioner, however, also claims that his plea was involuntary because his attorney failed to review the pre-sentence investigation report with him at sentencing.

Petitioner's claim that counsel failed to review the pre-sentence investigation report with him is contradicted by petitioner's own remarks at sentencing, in which he acknowledged reviewing the pre-sentencing report with counsel. Counsel also challenged information contained in the pre-sentence report. Counsel could only have learned that this information was inaccurate after reviewing the report with petitioner. In any event, any alleged failure to review the pre-sentence report with petitioner at sentencing could not have affected the validity of the guilty plea which had already been entered. *See e.g. U.S. v. Lewis,* 243 F. App'x. 757, 758 (4th Cir. 2007)(any improper comments by the district court during hearing on defendant's motion to withdraw guilty plea and at sentencing did not affect defendant's substantial rights and were harmless, where statements could have had no effect on defendant's plea, which had already been entered).

Petitioner's primary allegation is that he should have been permitted to withdraw his plea because he felt like a "zombie" at the plea hearing due to his physical and mental health. Petitioner points out that he had been housed in a psychiatric ward at the Wayne County Jail. Petitioner had been been referred for a competency evaluation on both his murder case and a separate home invasion case, but had been found competent to stand trial on July 18, 2018, which was prior to the entry of his guilty plea on March 25, 2019. (ECF No. 10-7, PageID. 188). Petitioner claims his psychological state prevented him from being able to knowingly and intelligently plead guilty. Petitioner does not state in his petition what mental health issues he suffered from but in an

6

affidavit that was attached to his appeal brief that was filed in the Michigan Court of Appeals petitioner alleges that he has been diagnosed with Schizophrenia, Depression, Bipolar Disorder, and Attention Deficit/Hyperactivity Disorder, or ADHD. (ECF No. 10-15, PageID. 322).

A defendant may not be put to trial unless he has a sufficient present ability to consult with her lawyer with a reasonable degree of rational understanding and a rational as well as a factual understanding of the proceedings against him. *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996); *Dusky v. United States*, 362 U.S. 402, 402 (1960). The competency standard for pleading guilty is identical to the competency for standing trial. *Godinez v. Moran*, 509 U.S. 389, 398 (1993).

A habeas petitioner's mental competency claims "can raise issues of both substantive and procedural due process." *Hastings v. Yukins,* 194 F. Supp. 2d 659, 670 (E.D. Mich. 2002). A habeas petitioner may make a procedural competency claim by alleging that the state trial court failed to conduct a competency hearing after the petitioner's mental competency was put in issue; to succeed on the procedural claim, a habeas petitioner must establish that the state trial judge ignored facts which raised a "*bona fide* doubt" regarding petitioner's competency to stand trial. *Walker v. Attorney General for the State of Oklahoma*, 167 F. 3d 1339, 1343 (10th Cir. 1999)(internal citations omitted); *Hastings,* 194 F. Supp. 2d at 670.

Evidence of a defendant's irrational behavior, his or her demeanor at trial or at another court proceeding, and any prior medical opinions on competence to stand trial are all relevant in determining whether further inquiry by a trial court on a defendant's mental state is required, but even one of these factors standing alone, may in some circumstances, be sufficient to trigger a further inquiry into a defendant's mental fitness to stand trial. *Drope v. Missouri*, 420 U.S. 162, 180 (1975). There are no fixed or immutable signs which invariably indicate the need for a further inquiry to determine the fitness to proceed. *Id.* There must be some manifestation or conduct on a

7

habeas petitioner's part "to trigger a reasonable doubt as to his or her competency." *Hastings v. Yukins,* 194 F. Supp. 2d at 671. A trial judge is allowed to rely on his or her own observations of the defendant's comportment or demeanor to determine whether that defendant is competent to stand trial. *Id.* (citing to *Bryson v. Ward*, 187 F. 3d 1193, 1201 (10th Cir. 1999)).

A full competency hearing is necessary only when a court has a reason to doubt a defendant's competency to stand trial or to plead guilty. *Godinez v. Moran*, 509 U.S. at 401, n. 13. "The due process right to a fair trial is violated by a court's failure to hold a proper competency hearing where there is substantial evidence of a defendant's incompetency." *Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012). The question for a reviewing court is "[w]hether a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to competency to stand trial." *Mackey v. Dutton*, 217 F.3d 399, 413-14 (6th Cir. 2000)(quoting *Williams v. Bordenkircher*, 696 F.2d 464, 467 (6th Cir. 1983)(additional quotation omitted).

"A state court determination of competence is a factual finding, to which deference must be paid." *Franklin,* 695 F. 3d at 447 (citing *Thompson v. Keohane*, 516 U.S. 99, 108–11 (1995)). A state court's factual determination regarding a defendant's competency to plead guilty is also entitled to the presumption of correctness in habeas corpus proceedings. *Hastings v. Yukins,* 194 F. Supp. 2d at 670. The petitioner has the burden to rebut the presumption of correctness of the state court's determination of his or her competency by clear and convincing evidence. *Doughty v. Grayson,* 397 F. Supp. 2d 867, 876 (E.D. Mich. 2005). Moreover, regardless of whether a federal habeas court would reach a different conclusion regarding a habeas petitioner's competence to stand trial were it reviewing the case *de novo*, the findings of the state court must

8

be upheld unless there is clear and convincing evidence to the contrary, and this deference must be paid even to state court factual findings made on appeal. *Franklin,* 695 F. 3d at 447.

Petitioner's procedural competency claim fails because there is no evidence which should have raised a *bona fide* doubt with the trial court as to petitioner's competency to plead guilty or to be sentenced. Petitioner was lucid at the plea and sentencing. Petitioner responded appropriately to the judge's questions at both hearings and stated he understood what was happening. Petitioner apologized to the victim's family at sentencing. All of these things indicate Petitioner is not entitled to relief; the judge did not unreasonably determine that petitioner was competent to plead guilty or to be sentenced. *See Franklin*, 695 F.3d at 449.

A habeas petitioner can also raise a substantive competency claim by alleging that he was tried and convicted while mentally incompetent. However, a habeas petitioner raising a substantive claim of incompetency is not entitled to a presumption of incompetency and must demonstrate his incompetency by a preponderance of the evidence. *Walker v. Attorney General for the State of Oklahoma*, 167 F. 3d at 1344; *Hastings v. Yukins,* 194 F. Supp. 2d at 671.

To obtain habeas relief on a substantive incompetence claim, a habeas petitioner must present evidence which is sufficient "to positively, unequivocally, and clearly generate a real, substantial and legitimate doubt as to his mental capacity" to stand trial. *Thirkield v. Pitcher,* 199 F. Supp. 2d at 653 (internal quotations omitted). A habeas petitioner is entitled to an evidentiary hearing on the issue of his competency to stand trial "if he presents sufficient facts to create a real and substantial doubt as to his competency, even if those facts were not presented to the trial court." *Id.* However, "[A]lthough retrospective determinations of competency are not prohibited, they are disfavored, and the Court will give considerable weight to the lack of contemporaneous evidence of petitioner's incompetence." *Thirkield,* 199 F. Supp. 2d at 653.

The only evidence that petitioner offered to the Michigan courts to support his claim that he was incompetent to plead guilty was that he was diagnosed with Schizophrenia, Depression, Bipolar Disorder, and Attention Deficit Disorder.

Mental illness in and of itself does not equate with the incompetency to stand trial. *See United States v. Davis*, 93 F.3d 1286, 1290 (6th Cir.1996). Schizophrenia does not automatically render a defendant incompetent to stand trial or plead guilty. S*ee Mackey*, 217 F.3d at 410-14 (upholding determination that habeas petitioner was competent despite an earlier diagnosis of schizophrenia and an affidavit from the defendant's lawyer stating that his client "exhibit[ed] great difficulty in communicating and assisting with his defense."). Depression in and of itself also does not establish a criminal defendant's mental incompetency. *See e.g. Nowak v. Yukins*, 46 F. App'x. 257, 259 (6th Cir. 2002)(habeas petitioner failed to show that her depression amounted to mental incompetence that would justify tolling limitations period for filing habeas petition). Bipolar disorder does not render a defendant incompetent to stand trial or to plead guilty if the defendant is able to understand his rights and participate in the proceedings. *See United States v. Alfadhili*, 762 F. App'x. 264, 268-69 (6th Cir. 2019); *See also United States v. Allen*, 665 F. App'x. 531, 534 (6th Cir. 2016). Finally, a defendant's attention deficit disorder does not render a defendant incompetent to stand trial. *See Slaughter v. Parker*, 187 F. Supp. 2d 755, 788 (W.D. Ky. 2001), *aff'd in part, rev'd in part on other grds*, 450 F.3d 224 (6th Cir. 2006).

Petitioner presented no evidence that he was unable to understand the proceedings against him or assist his attorney at the plea or at sentencing. The trial judge engaged in a lengthy colloquy with the petitioner at the plea hearing, in which he clearly and lucidly answered the judge's questions in an appropriate manner. There is nothing in the record to indicate that petitioner did not understand the proceedings or responded inappropriately to the judge's questions or to his own

counsel's comments. Significantly, nothing in the record establishes that petitioner was confused or unable to participate in the proceedings. There is no evidence that petitioner was not in possession of his mental facilities when he pleaded guilty; any "after the fact" incompetency claim is without merit. See *United States v. Calvin,* 20 F. App'x. 452, 453 (6th Cir. 2001).

Petitioner next contends that he should be permitted to withdraw his guilty plea because he is actually innocent of the murder.

A solemn declaration of guilt by the defendant carries a presumption of truthfulness. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Henderson v. Morgan*, 426 U.S. 637, 648 (1976). Bald assertions of innocence are insufficient to permit a defendant to withdraw his guilty plea. *United States v. Jones*, 336 F. 3d 245, 252 (3rd Cir. 2003). "Assertions of innocence must be buttressed by facts in the record that support a claimed defense." *Id.* (internal quotation omitted). The mere assertion of innocence, absent a substantial supporting record, is insufficient to overturn a guilty plea, even on direct appeal. *See Everard v. United States*, 102 F. 3d 763, 766 (6th Cir. 1996). Petitioner's mere recantation of his guilty plea, without any support, would therefore be insufficient to have his plea overturned. *Id.* A defendant's belated claim of innocence without more is insufficient to justify withdrawal of a guilty plea. *See United States v. Gregory*, 41 F. App'x. 785, 792 (6th Cir. 2002).

Petitioner has presented no credible evidence to this Court that he is actually innocent of the crime. A federal habeas court reviewing a belated claim of innocence which contradicts a prior, valid guilty plea must draw all permissible inferences in favor of the prosecution and against the petitioner. *See Ferrer v. Superintendent*, 628 F. Supp. 2d 294, 308 (N.D.N.Y. 2008)*; See also Garrison v. Elo,* 156 F. Supp. 2d 815, 829 (E.D. Mich. 2001)(petitioner's "admissions of factual guilt are entitled to great weight"). Petitioner clearly made out a factual basis for the charges at

11

the plea hearing. Petitioner is not entitled to withdraw his guilty plea on his claim of innocence, in light of the fact that petitioner stated under oath at his guilty plea hearing that he was guilty of participating in the crimes for which he was convicted. *See U.S. v. Young,* 310 F. App'x. 784, 793 (6th Cir. 2009).

Finally, this Court notes that the petitioner received an advantageous plea bargain, in which the prosecutor agreed to dismiss the original first-degree murder charge, which carries a mandatory nonparolable life sentence, several other charges, and the habitual offender charge. The reduction of the first-degree murder charge to second-degree murder was particularly beneficial to petitioner. Under Michigan law, a conviction for first-degree murder requires a non-parolable life sentence, whereas a conviction of second-degree murder is parolable. *See Perkins v. LeCureux*, 58 F.3d 214, 216 (6th Cir. 1995). Petitioner was able to plead guilty to a reduced charge of second-degree murder with a sentence agreement of nineteen to forty years, plus a felony-firearm charge which carried an additional two years. "The nature of relief secured by a successful collateral challenge to a guilty plea—an opportunity to withdraw the plea and proceed to trial—imposes its own significant limiting principle: Those who collaterally attack their guilty pleas lose the benefit of the bargain obtained as a result of the plea. Thus, a different calculus informs whether it is wise to challenge a guilty plea in a habeas proceeding because, ultimately, the challenge may result in a *less favorable* outcome for the defendant, whereas a collateral challenge to a conviction obtained after a jury trial has no similar downside potential." *Padilla v. Kentucky*, 559 U.S. 356, 372–73 (2010)(emphasis original). Were this Court to grant the petitioner habeas relief and ordered that his plea be vacated, the petitioner would be facing the possibility of life in prison without the possibility of parole.

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny petitioner a certificate of appealability because he failed to make a substantial showing of the denial of a federal constitutional right. *See also Millender v. Adams*, 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002). The Court further concludes that petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. See Fed.R.App. P. 24(a).

## V. **ORDER**

Based upon the foregoing, **IT IS ORDERED** that:

(1) The petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

(2) A certificate of appealability is **DENIED.** Petitioner will be **DENIED** leave to appeal *in forma pauperis*.

Dated: November 3, 2022  s/Sean F. Cox
 Sean F. Cox
 U. S. District Judge

13